1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  THOMAS R. GREEN (CABN 203480)
   Assistant United States Attorney
5
       1301 Clay Street, Suite 340S
6      Oakland, CA 94612
       Telephone: (510) 637-3695
7      Fax: (510) 637-3724
       E-Mail: Thomas.Green@usdoj.gov
8  Attorneys for United States of America

9

10                         UNITED STATES DISTRICT COURT

11                        NORTHERN DISTRICT OF CALIFORNIA

12                                  OAKLAND DIVISION

13 | UNITED STATES OF AMERICA,        ) No. CR 17-70336 MAG
                                      )
14 |         Plaintiff,                ) [PROPOSED] ORDER REVOKING BOND AND
                                      ) DETAINING DEFENDANT SAMMY SULTAN
15 |     v.                            )
                                      )
16 | SAMMY SULTAN,                     )
                                      )
17 |         Defendant.                )
                                      )
18                                    )
                                      )
19

20      The United States has charged defendant Sammy Sultan by Criminal Complaint with making

21 various threats by telephone calls placed to law enforcement agencies in the United States and abroad, in

22 violation of 18 U.S.C. § 875 and 47 U.S.C. § 223. The defendant was originally released following his

23 arraignment on the charges in the Criminal Complaint, but United States Pretrial Service sought a bail

24 review hearing in connection with filing a September 7, 2017 Violation Notice, which describes

25 defendant's recent performance while on pretrial release and notes his apparent violation of multiple

26 conditions of his pre-trial release.

27      A judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial

28 officer finds that there is clear and convincing evidence that the person has violated any other condition

of release, and finds that based on the factors set forth in section 3142(g), there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, or the person in unlikely to abide by any condition or combination of conditions of release. 18 U.S.C. Section 3148(b)(1)(b), (b)(2)(A) and (B).

On September 12, 2017, the Court held a bail review hearing and heard arguments from the United States, the defense, and U.S. Pretrial Services, regarding whether or not defendant was a danger to the community or amenable to pretrial supervision. The U.S. Pretrial Services Office recommended that defendant be detained pending his trial, for the reasons set forth in the September 7, 2017 violation notice. The Court read the content of the Violation Notice into the record, including that Defendant violated the conditions of her release by testing positive for methamphetamine, failing to cooperate with an intake assessment with a residential drug treatment program, and violating electronic monitoring instructions as directed by U.S. Pretrial Services. Neither defense counsel nor counsel for the government objected to or disputed the summary of facts set forth in the Violation Notice. Based on defendant's performance while on pretrial release, as described in the Violation Notice – Defendant's fourth Violation Notice, the Court indicated its tentative ruling was to order defendant detained pending trial, but offered the parties the opportunity to be heard on the matter prior to issuing a ruling.

Defense counsel acknowledged that defendant was at the "end of the road" in terms of his potential detention, but requested that defendant be afforded an opportunity to return to Cherry Hill for treatment, arguing that defendant had previously had success with that program. Counsel for the government argued that defendant continued to violate the terms of his pretrial release despite his prior treatment at Cherry Hill, and noted that U.S. Pretrial Services had issued four violations in less than a month for defendant's persistent failure to abide by the terms of his release. The United States also noted that the evidence indicated that defendant had made one or more additional threatening telephone calls during his release, and argued that defendant's behavior distracted law enforcement agencies on a global scale, and represented a safety risk to the communities where law enforcement officers were distracted from real safety concerns to respond to the threats posed by defendant. Finally, defendant requested that the Court allow him to return to Cherry Hill and be afforded one more opportunity to demonstrate his ability to comply with the terms of his release.

After hearing from both parties, the defendant, and U.S. Pretrial Services, the Court ordered that defendant be detained on the basis that he represents a danger to the community and himself, and because he had demonstrated his inability or unwillingness to comply with the terms and conditions of his pretrial release. Among other bases for the court's ruling, the Court noted that personnel at the New Bridge Foundation found Mr. Sultan was ineligible for their program, in part based, on his confrontational nature during the intake interview. The Court also noted that the U.S. Pretrial Services officer had reported that defendant had displayed an aggressive nature when he was upset with U.S. Pretrial Services officers. For the reasons described herein, stated on the record, and described in the September 7, 2017 violation notice and prior violation notices dated August 9, August 22 and August 29, 2017, the Court revoked Defendant's bond and ordered him detained at the conclusion of the hearing.

## [~~PROPOSED~~] ORDER

For the reasons stated on the record during the September 12, 2017 bail review hearing and further stated in this Order, defendant is ordered detained as no condition or combination of conditions will reasonably assure the community's safety or assure his compliance with the terms and conditions of his pretrial release. *See* 18 U.S.C. § 3142(c). Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. *See* 18 U.S.C. § 3142(i)(2). Defendant must be afforded a reasonable opportunity to consult privately with counsel. *See* 18 U.S.C. § 3142(i)(3). On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver defendant to the United States Marshal for a court appearance. *See* 18 U.S.C. § 3142(i)(4).

IT IS SO ORDERED.

DATED: September 18, 2017

_____
HON. KANDIS A. WESTMORE
United States Magistrate Judge